# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DENNIS A. BUFORD, JR., <br><br>  Plaintiff, <br><br> v. <br><br> STEVEN BOST, <br><br>  Defendant. | Case No. 18-CV-1085-JPS <br><br><br> **ORDER** |

Plaintiff, who is incarcerated at Green Bay Correctional Institution ("GBCI"), filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). This matter comes before the Court on Plaintiff's motion to proceed *in forma pauperis*. (Docket #2). Plaintiff has been assessed and paid an initial partial filing fee of $34.66. 28 U.S.C. § 1915(b)(4).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *Id.* § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327;

*Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts; his statement need only "'give the defendant fair notice of what the. . .claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "'labels and conclusions'" or "'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "'that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should first "identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give Plaintiff's *pro se* allegations, "'however inartfully pleaded,'" a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that on March 10, 2017, he was playing basketball during recreation time at GBCI and he fell on his hand. (Docket #1 at 2–3). He yelled out in pain, and several officers came to his aid. *Id.* at 3. One of the officers said Plaintiff's hand looked bad and told Plaintiff to go back to his unit where the unit sergeant could help. *Id.* Plaintiff went back to his unit and showed his injury to the unit sergeant, who then called the health services unit ("HSU"). *Id.* The defendant, Steven Bost ("Bost"), a nurse in the HSU, took the call and, after hearing the unit sergeant's description of the injury, said "it doesn't sound like a broken arm" and it "wasn't life threatening." *Id.* Bost also said that because the injury was not life threatening, Plaintiff would have to submit an HSU request to be seen "on sick call." *Id.* Apparently Plaintiff did not receive any treatment that night. He asked to speak to a supervisor but was refused. *Id.*

The next day, Plaintiff woke up with a swollen hand and extreme pain. *Id.* He could not move his arm or hand. *Id.* He complained about the pain to the first shift sergeant, but it was not until his father, who is also incarcerated, intervened and insisted that his son receive medical attention that Plaintiff was examined in the HSU. *Id.* Plaintiff was then sent to a

hospital where he learned that he had broken his thumb in two places and would need surgery to repair it. *Id.*

Plaintiff's complaint crosses the low threshold set at screening to state a claim for deliberate indifference to his serious medical need, in violation of the Eighth Amendment. To sustain such a claim, Plaintiff must show: (1) an objectively serious medical condition; (2) that Defendant knew of the condition and was deliberately indifferent in treating it; and (3) this indifference caused him some injury. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). The deliberate indifference inquiry has two components. "The official must have subjective knowledge of the risk to the inmate's health, and the official also must disregard that risk." *Id.* Negligence cannot support a claim of deliberate indifference, nor is medical malpractice a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976); *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). To show that a delay in providing treatment is actionable under the Eighth Amendment, Plaintiff must also provide evidence that the delay exacerbated his injury or unnecessarily prolonged pain. *Petties v. Carter*, 836 F.3d 722, 730–31 (7th Cir. 2016).

At the present stage, having generously construed Plaintiff's allegations, the Court finds that Plaintiff states a claim against Bost for deliberate indifference to the serious medical need arising from his broken hand. *See Murphy v. Walker*, 51 F.3d 714, 720 (7th Cir. 1995) (holding that a broken hand is a serious injury that could result in permanent harm or a lingering disability absent proper care). It might be the case that Bost's direction to Plaintiff to file an HSU request was reasonable, or at least not deliberately indifferent, but that is an issue for a later stage of the case.

Thus, Plaintiff shall be permitted to proceed on a claim of deliberate indifference to his serious medical need, in violation of the Eighth Amendment, against Defendant Steven Bost. 28 U.S.C. § 1915A(b).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) is **GRANTED**;

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's complaint and this Order are being electronically sent today to the Wisconsin Department of Justice for service on Defendant;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Defendant shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this Order;

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if Plaintiff is no longer incarcerated at any of these institutions, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 6th day of September, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge