# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DENNIS A. BUFORD, JR., <br><br>　　　　　　　Plaintiff, <br><br> v. <br><br> STEVEN BOST, <br><br>　　　　　　　Defendant. | Case No. 18-CV-1085-JPS <br><br><br> **ORDER** |

　　　　Plaintiff, who is incarcerated at Green Bay Correctional Institution ("GBCI"), filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). The Court screened Plaintiff's complaint and allowed him to proceed on a claim of deliberate indifference to his serious medical needs, in violation of the Eighth Amendment, against Defendant Steven Bost ("Bost"), a nurse at GBCI. (Docket #10 at 5). Plaintiff then filed a motion for an extension of his deadline to file an amended complaint, and the Court granted his request. (Docket #15 and #16). Plaintiff subsequently filed an amended complaint. (Docket #17). The Court will screen it pursuant to 28 U.S.C. § 1915A(a). All of the standards applicable to screening announced in the Court's original screening order apply here. (Docket #10 at 1–3).

　　　　Plaintiff's amended complaint is premised on the same operative facts as was his original complaint, but he seeks to add three additional defendants: Jean Lutsey ("Lutsey"), Sgt. Segerstrom ("Segerstrom"), and C.O. Jensen ("Jensen"). In short, Plaintiff alleges that on March 10, 2017, he was playing basketball during recreation time at GBCI and he fell on his hand. (Docket #17 at 2). Several officers responded and determined that the

Health Services Unit ("HSU") should be contacted. *Id.* C.O. Everson placed the call and Bost answered. *Id.* Bost stated that the injury did not sound "life threatening" and instructed that ice be applied and that Plaintiff submit an HSU request. *Id.* Another officer, Recreation Leader Bernarde, also contacted Bost at about 9:10 p.m. *Id.* In response to this call, Bost said he would not see Plaintiff because it was after hours. Plaintiff believes, based on information he gleaned from a shift supervisor, that "after hours" for the HSU begins at 10:00 p.m. *Id.*

Once back at his dorm, Plaintiff informed Segerstrom of his injury, who apparently also called Bost and was told that because Plaintiff's injury was not an emergency, he would not be seen. *Id.* Plaintiff's father, who is also incarcerated at GBCI, also asked Segerstrom for help, but to no avail. *Id.* at 3. Plaintiff's father then administered "first aid" to Plaintiff. *Id.* Plaintiff asked Jensen, a correctional officer, to contact a supervisor. *Id.* Jensen said that he notified a supervisor, but Plaintiff believes this did not happen. *Id.* Plaintiff claims that a third-shift supervisor has the authority to call in nursing staff or send an inmate to the emergency room. *Id.*

The next day, Plaintiff woke up in extreme pain with obvious swelling to his injured left hand. *Id.* He contacted Sgt. Francios ("Francios"), who then called the HSU. *Id.* Someone in the HSU told Francios that Plaintiff would have to submit a "blue slip" in order to be seen. *Id.* Bost had not left a note for anyone in the HSU about Plaintiff's injury the prior evening. *Id.* Plaintiff's father talked to Francios, who then permitted Plaintiff to be escorted to the HSU. *Id.*

Upon Plaintiff's arrival in the HSU, R.N. Shane Garland triaged his injury and determined that he should be sent to St. Vincent Hospital. *Id.* Plaintiff was taken to the hospital, where an x-ray showed that his hand

was broken. *Id.* Plaintiff's hand was placed in a splint and Plaintiff was further examined by someone in "ortho surgery." *Id.* Plaintiff ultimately made multiple trips to the ortho department (possibly at a different hospital). *Id.*

At some point, presumably after all of this, Plaintiff contacted Lutsey, an HSU supervisor, to ask why Plaintiff was refused treatment on the night of March 10. *Id.* Lutsey offered no reason. *Id.* Plaintiff does not explain how or whether Lutsey was involved in the events underlying his complaint.

Plaintiff will be permitted to add Jensen as a defendant in this case on an Eighth Amendment claim for deliberate indifference to his serious medical need. Plaintiff's allegations that Jensen knew about Plaintiff's severely injured hand and refused to call a supervisor, who Jensen knew could have sent Plaintiff to the hospital, is sufficient to satisfy the objective and subjective components of a deliberate indifference claim. *See Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

Plaintiff will not be permitted to proceed against Segerstrom or Lutsey. As to Segerstrom, he knew about Plaintiff's injury, called the HSU, and relied on Bost's medical assessment that Plaintiff could wait until the next day to be seen by medical personnel. These allegations do not amount to an Eighth Amendment claim. *See Hayes v. Snyder*, 546 F.3d 516, 527 (7th Cir. 2008) (Non-medical prison officials "are entitled to defer to the professional judgment of the facility's medical officials on questions of prisoners' medical care[.]").

As to Lutsey, Plaintiff seems to base his claim against her on the fact that she is the supervisor of the HSU and should therefore be responsible for the misconduct of HSU staff. But the doctrine of *respondeat superior*

cannot be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Supervisory liability in a Section 1983 action is appropriate only "if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it." *Id.* (quotation and internal marks omitted). That is, "to be liable for the conduct of subordinates, a supervisor must be personally involved in that conduct." *Id*. (quotation and internal marks omitted). Plaintiff has not alleged that Lutsey was personally involved in the events surrounding his delayed medical care. In fact, he has alleged the opposite; he alleged that Jensen *should have* notified a supervisor on the night of March 10 but did not.

Thus, Plaintiff shall be permitted to proceed on a claim of deliberate indifference to his serious medical need, in violation of the Eighth Amendment, against Defendants Bost and Jensen. 28 U.S.C. § 1915A(b).

With the addition of Jensen as a defendant, all parties will be afforded a small amount of additional time in which to conduct discovery and file dispositive motions. The scheduling order, (Docket #14), will be modified to reflect a discovery cutoff date of May 1, 2019 and a dispositive motion deadline of June 10, 2019. In light of this, Defendant Bost's recently-filed motion for an extension of the March 1, 2019 discovery deadline, (Docket #21), will be denied as moot.

Accordingly,

**IT IS ORDERED** that Plaintiff's amended complaint (Docket #17) shall be his operative pleading in this matter;

**IT IS FURTHER ORDERED** that Defendants Jean Lutsey and Sgt. Segerstrom be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's amended complaint and this Order are being electronically sent today to the Wisconsin Department of Justice for service on Defendant C.O. Jensen;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Defendants shall file a responsive pleading to the amended complaint within sixty (60) days of receiving electronic notice of this Order;

**IT IS FURTHER ORDERED** that the Court's scheduling order (Docket #14) is **MODIFIED** as provided for herein; and

**IT IS FURTHER ORDERED** that Defendant Bost's motion for an extension of the discovery deadline (Docket #21) be and the same is hereby **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 4th day of March, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge